UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA
EX REL. IVO PEREZ, JR., CIVIL NO. 00-2248 (DWF/JMM)

Petitioner,

v. ORDER

WARDEN FMC-ROCHESTER,

Respondent.

The above matter came before the undersigned upon Petitioner's Motion to Strike Off Motion to Dismiss and for Judgment on the Pleadings. [Docket No. 9].

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Petitioner's Motion to Strike Off Motion to Dismiss and for Judgment on the Pleadings [Docket No. 9] is denied.

Dated: February 1, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

Petitioner is incarcerated at the Federal Medical Center, Rochester, Minnesota ("FMC-Rochester"). He was convicted on three counts of possession with intent to distribute marijuana and one count of conspiracy to possess with intent to distribute marijuana on August 28, 1995 in the Southern District of Texas and sentenced to a term of 240 months imprisonment.

FEB 02 2001

On October 4, 2000, Petitioner filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming that he is being confined at FMC-Rochester in violation of the Laws, Constitution and Treaties of the United States. [Docket No. 1]. Respondent timely filed a "Response to Petition for Writ of Habeas Corpus." [Docket No. 8].

Petitioner moves this Court for an Order Striking Off the Respondent's Response to the Petition, alleging that it is "the functional equivalent of a motion to dismiss," and thus, in violation of Browder v. Department of Corrections of Illinois, 434 U.S. 257, 269, n. 14 (1978). In Browder, a respondent to a habeas petition filed a motion to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(6). Browder, 434 U.S. at 269, n.14. The Court stated:

> The custodian's response to a habeas corpus petition is not like a motion to dismiss. The procedure for responding to the application for a writ of habeas corpus, unlike the procedure for seeking correction of a judgment, is set forth in the habeas corpus statutes and, under Rule 81(a)(2)[1], takes precedence over the Federal Rules.

Petitioner correctly states the applicable procedure. Title 28 U.S.C. § 2241 authorizes federal courts to issue a Writ of Habeas Corpus; Section 2242 specifies the requirements of the application; and Section 2243 governs the response. However, Petitioner's Motion misapprehends the procedural facts in this case.

Upon the filing of Petitioner's Application for a Writ of Habeas Corpus, this Court issued an Order directing Respondent to make a written return, "showing the true cause of Petitioner's continuing confinement and explaining why the writ should not be

---

[1] Rule 81(a)(2) states that the Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus, "to the extent that the practice in such proceedings is not set forth in statutes of the United States." Fed. R. Civ. P. 81(a)(2).

granted." [Docket No. 4]. In its Response to the Order [Docket No. 8], Respondent presented essentially two procedural arguments why the writ should not be granted. Those arguments are summarized in Respondent's argument headings which read:

> A. The motion remedy provided by statute in 28 U.S.C. § 2255 is not ineffective or inadequate under the present circumstances. Therefore, this court is prohibited by that statute from entertaining the present petition.
>
> ***
>
> B. The present claims have been procedurally defaulted and therefore cannot be raised in a petition for writ of habeas corpus.

[Docket No. 8, Government's Response, pp. 3 and 17].

This response is contemplated by 28 U.S.C. § 2243, and was in compliance with the Order of this Court. It is correct that the Government's response, as a substantive matter, seeks dismissal of the Petition. But the fact that this substantive relief is sought does not convert the Response into a Motion to Dismiss. The Motion to Strike this Response is therefore denied.

We also note that even if the Response of the Government had been labeled as a Motion to Dismiss, or were fairly characterized as such a Motion, we are aware of no authority which would require that the pleading be stricken. Upon the filing of the response to a Petition for a Writ of Habeas Corpus, this Court "shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. Issues as to the substantive sufficiency of the response are considered by the Court in its determination of whether or not to recommend to the District Court that the Writ should be granted. In this case, the questions which Petitioner seeks to raise as to whether the Response of the Government is sufficient will be addressed at that time.

J.M.M.