**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Ivo Perez, Ex Rel.,

Petitioner,

v.

Warden FMC Rochester,

Respondent.

Civil No. 00-2248 (DWF/JMM)

**ORDER AND MEMORANDUM**

---

Cheryl J. Sturm, Esq., Sturm Law Office, 408 Ring Road, Chadds Ford, PA 19317, counsel for Petitioner.

Henry J. Shea, III, Assistant United States Attorney, and Andrew S. Dunne, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, counsel for Respondent.

---

This matter is before the Court upon Petitioner's objections to Magistrate Judge John M. Mason's Report and Recommendation dated February 27, 2001, recommending that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241 and 2243 be denied and that the Petition be dismissed with prejudice. The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

Based upon the Court's review of the record, arguments, and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

FILED JUN 07 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JUN 07 2001
DEPUTY CLERK

**ORDER**

1. Magistrate Judge John M. Mason's Report and Recommendation dated February 27, 2001 (Doc. No. 12), is **ADOPTED** in its entirety.

2. The Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. §§ 2241 and 2243 (Doc. No. 1) is **DENIED** and the Petition is hereby **DISMISSED WITH PREJUDICE**.

Dated: June 7, 2001

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

As Magistrate Judge Mason notes, the holding in *Rogers v. United States*, 229 F. 3d 704 (8th Cir. 2000), *accord, Abdullah v. United States,* 240 F. 3d 683, 687 (8th Cir. 2001), makes it clear that if Petitioner were to seek permission from the Court of Appeals for a second successive petition at this time, it would be denied. Although *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000) does announce "a new rule of constitutional law," the Supreme Court has not yet made the decision "retroactive to cases on collateral review." Notably, the opportunity to seek a second successive petition is perhaps not forever closed. It is to be expected that at some point prior to the date on which petitioner would otherwise be eligible for release, the Supreme Court will resolve the question of whether its *Apprendi* decision is to be applied retroactively. If the Supreme Court concludes that *Apprendi* should be applied retroactively, Petitioner will be

eligible to apply for, and presumably will receive, permission for a second successive petition pursuant to 28 U.S.C. § 2244(b)(2)(A).

The Court adopts in all respects the Report and Recommendation of Magistrate Judge John M. Mason.

D.W.F.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: JUN 07 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995